IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AML IP, LLC, | § |
|     *Plaintiff,* | § |
| v. | §    CASE NO. 6:24-CV-00546-EG-DTG |
| SEPHORA USA, INC., | § |
|     *Defendant,* | § |

REPORT & RECOMMENDATION TO DENY
THE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14)

TO:    THE HONORABLE ERNEST GONZALEZ,
         UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant, Sephora USA, Inc.'s motion to dismiss for failure to state a claim (Dkt. No. 14). After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED**.

                                               **I.    BACKGROUND**

The plaintiff, AML IP, LLC, filed this lawsuit accusing the defendant, Sephora USA, Inc., of directly infringing the plaintiff's patent—U.S. Patent No. 7,177,838. Dkt. No. 1 ¶ 7. The '838 Patent relates to methods for conducting electronic commerce using electronic tokens. Dkt. No. 1 ¶ 7. The defendant moves to dismiss the plaintiff's complaint, alleging that the claims of the asserted patent are invalid under 35 U.S.C. § 101 because the claims fail both steps of the *Alice*

test. Dkt. No. 14 at 1–2. The motion is fully briefed, and the Court finds that a hearing is unnecessary. Dkt. Nos. 14, 23, 25.

## II. ANALYSIS

The defendant's motion is governed by Rule 12 of the Federal Rules of Civil Procedure. Dkt. No. 14 at 1 (citing Fed. R. Civ. P. 12(b)(6)). The defendant argues that the plaintiff has not alleged a plausible infringement claim because the '838 Patent's claims are ineligible under 35 U.S.C. § 101. *Id.* at 2. When considering a motion to dismiss under Rule 12(b)(6), the Court assumes that the facts alleged in the complaint are true, then asks whether those facts allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–84 (2009). The Court views all well-pleaded facts in the light most favorable to the plaintiff but disregards bare conclusory allegations. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Courts can resolve patent eligibility at the pleading stage "only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic record and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022).

Section 101 of the Patent Act defines the subject matter eligible for patent protection: "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. But courts have long recognized that laws of nature, natural phenomena, and abstract ideas are not patentable under § 101 because they are "the basic tools of scientific and technological work." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (citations omitted). The Court must first determine whether the claims at issue are directed to a patent-ineligible concept. *Id.* at 217. If they are, then the Court proceeds to the second step, which considers whether the elements of each claim both individually and as an

ordered combination transform the claim into a patent-eligible application of the concept. *Id.* (internal citations omitted). Patents issued by the United States Patent and Trademark Office enjoy a presumption of validity and eligibility, which must be overcome by clear and convincing evidence. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (citation omitted) (holding that failure to presume that issued patents are valid and patent eligible constitutes error).

The defendant argues that claim 1 of the '838 Patent is representative. Dkt. No. 14 at 5–6. The defendant also argues that claim 1 of the '838 patent is directed to the abstract idea of "using electronic tokens to facilitate a transaction between a user and a vendor[,]" which the defendant contends amounts to a well-established economic practice. *Id.* at 6. The plaintiff argues that the '838 Patent's claims are directed at unconventional, concrete steps that create a method, which was unavailable before this patent to solve a problem specific to e-commerce—minimizing or limiting the amount of sensitive information—such as credit card information—a purchaser is asked to provide. Dkt. No. 23 at 7. The plaintiff contends that the patent's claims provide an inventive concept. *Id.* at 9–11.

Evaluating the claims under the *Alice* test can be done as a matter of law unless the parties raise disputed issues of fact—such as over whether the claims are representative or whether the patent claims include an inventive concept. The Court typically reserves its ruling on patent eligibility for a later stage of litigation. The defendant contends that there are no factual or claim construction issues that would prevent the Court from deciding patent eligibility at the motion to dismiss stage. Dkt. No. 14 at 14. The Court, however, finds that there are plausibly disputed issues of fact that preclude a finding a patent-ineligibility at the motion to dismiss stage. While the plaintiff does not explicitly ask the Court to delay the patent eligibility issue, the

plaintiff argues that, taking all of its factual allegations as true, dismissal at this stage of litigation is inappropriate. Dkt. No. 23 at 10. The Court agrees. The parties dispute whether the claims include an inventive concept. *Compare* Dkt. No. 14 at 11–13 *with* Dkt. No. 23 at 8–11. Because the defendant must provide clear and convincing evidence that the claims do not include an inventive concept, the Court finds that this analysis is premature. Fact discovery could help the Court determine whether the asserted patent's claims perform well-understood, routine, and conventional activities that are previously known to electronic purchases or transactions using electronic tokens.

Considering the above, the Court believes that the most prudent approach for a § 101 invalidity analysis is to conduct it on a full record. *Aeritas, LLC v. Off. Depot*, LLC, No. 6:22-cv-00986-ADA-DTG, 2024 WL 1336487, at *1 (W.D. Tex. Mar. 28, 2024) (citations omitted), *report and recommendation adopted*, No. W-22-CV-00986-ADA, 2024 WL 1624734 (W.D. Tex. Apr. 15, 2024) (noting that a determination of invalidity under § 101 is rarely appropriate at the pleading stage). Even if the Court were to determine that the asserted claims are directed to a patent-ineligible concept, plausible factual disputes exist here that preclude finding the asserted claims ineligible in step two of the *Alice* test at the motion to dismiss stage. Because an issued patent is presumed valid, requiring clear and convincing evidence to prove otherwise, and claim construction and fact discovery could affect the § 101 analysis, the undersigned finds that delaying the determination of patent eligibility until the summary judgment stage is the more measured approach.

Given the factual disputes presented, the undersigned **RECOMMENDS** that the Court **DENY** the defendant's motion to dismiss under 35 U.S.C. § 101 without prejudice to refiling at the summary judgment stage.

## III. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, Sephora USA, Inc.'s motion (Dkt. No. 14) be **DENIED** without prejudice to raising patent ineligibility at the summary judgment stage.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 2nd day of September, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE