UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
SEP 22 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| AML IP, LLC, | § | |
|     *Plaintiff*, | § | |
| v. | § | Case No.: **WA:24-CV-00546-EG-DTG** |
| SEPHORA USA, INC., | § | |
|     *Defendant*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of the Honorable Judge Derek Gilliland, ECF 28, entered on September 2, 2025. The Report and Recommendation recommends that the Court deny Defendant Sephora USA, Inc.'s ("Sephora") Motion to Dismiss for Failure to State a Claim, ECF 14, without prejudice. Upon review of the facts presented and the applicable law, the Court **ADOPTS** the Report and Recommendation.

Plaintiff AML IP, LLC ("AML IP") alleges that Sephora infringed AML IP's patent No. 7,177,838 (the "Patent"). (Compl. ¶ 7, ECF No. 1). Sephora now argues that AML IP's Complaint should be dismissed under Rule 12(b)(6) because the claims of the Patent are representative, "directed to [an] unpatentable, abstract idea," and "do not confer any inventive concept sufficient to confer eligibility." (Def.'s Mot. to Dismiss 5–6, 11, ECF No. 14); *see Alice Corp. Pty. v. CLS Bank Int's*, 573 U.S. 208, 218 (2014). The Patent's claims, Sephora contends, are therefore ineligible for protection under 35 U.S.C. § 101. (ECF No. 14 at 1).

The Court need not conduct a de novo review of the matter. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Rather, the Court reviews

1

the Report and Recommendation to determine whether it is erroneous or clearly contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

The Court concludes the findings and conclusions within the Report and Recommendation are neither erroneous nor clearly contrary to law. AML IP's Complaint alleges disputed facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Judge Gilliland is correct to find that those facts stand in the way of ruling as a matter of law that the asserted claims fail the two-step *Alice* test for patent eligibility. (R&R at 5); *see Alarm.com Inc. v. ipDatatel, LLC*, 383 F. Supp. 3d 719, 743 (S.D. Tex. 2019); *Sycamore IP Holdings LLC v. AT&T Corp.*, 294 F. Supp. 3d 620, 654 (E.D. Tex. 2018).

**IT IS THEREFORE ORDERED** that the Honorable Judge Derek Gilliland's Report and Recommendation, ECF 28, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Sephora USA, Inc's Motion to Dismiss for Failure to State a Claim, ECF 14, is **DENIED WITHOUT PREJUDICE** to raising patent ineligibility at the summary judgment stage.

**SIGNED**, this 22nd day of September 2025.

_____
ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE